UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR F. LANE, | |
| Plaintiff, | Case No. SACV03-0006 AJW |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ORDER REGARDING PETITION FOR ATTORNEYS' FEES 42 U.S.C. § 406(b) |
| Defendant. | |

Plaintiff's counsel Manuel D. Serpa ("petitioner") has filed a petition for attorney's fees under 42 U.S.C. § 406(b) (the "Petition") in the total amount of twenty-three thousand seven hundred fifty-nine dollars and fifty cents ($23,759.50), representing 25% of plaintiff's past-due social security disability benefits award. Plaintiff previously was awarded the sum of three thousand dollars ($3,000.00) pursuant to the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412(d). [Order filed February 4, 2005]. Defendant has filed a response to the petition discussing the principles for determining a "reasonable" attorney's fee, but because she is not a party to the fee agreement between plaintiff and petitioner, she has not taken a position supporting or opposing the fee petition. Nonetheless, defendant suggests that the court consider a "moderate reduction in the *de facto* hourly rate" represented by the amount of the fee sought by petitioner. At the same time, defendant states that in view of the results obtained

and petitioner's obligation to refund the amount of the EAJA fee award to plaintiff, she has "no objection to" the $23,759.50 fee requested under section 406(b). [Defendant's Response 7].

### Proceedings

Pursuant to a December 8, 2004 judgment reversing and remanding this case to defendant for an award of benefits, plaintiff was awarded social security disability benefits, including past-due benefits in the amount of $95,038.00. [Petition 6; Declaration of Manuel D. Serpa ("Serpa Decl."), Ex. B]. Defendant withheld 25% of that amount, or $23,759.50, for the payment of attorneys' fees. The EAJA fees previously awarded will be refunded to plaintiff.[1]

### Discussion

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a contingent fee agreement with counsel, section 406(b) is meant "to control, not to displace, fee agreements between

---

[1] If attorneys' fees are awarded under the EAJA and section 406(b), the attorney must refund the smaller of the two awards to the claimant. See Gisbrecht v. Barnhart, 535 U.S.789, 789 (2002) (noting that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits).

1  Social Security benefits claimants and their counsel." <u>Gisbrecht</u>, 535 U.S. at 793.  The Court
2  held that where the claimant and counsel had entered into a lawful contingent fee agreement,
3  courts that used the "lodestar" method as the starting point to determine the reasonableness
4  of fees requested under section 406(b) improperly "reject[ed] the primacy of lawful attorney-
5  client fee agreements." <u>Gisbrecht</u>, 535 U.S. at 793.  While courts review fee agreements as an
6  "independent check, to assure that they yield reasonable results in particular cases," lawful
7  contingent-fee agreements are "<u>the primary means by which fees are set</u>" for the successful
8  representation of social security disability claimants in court.   <u>Gisbrecht</u>, 535 U.S. at
9  807(emphasis added); <u>see</u>  <u>Mudd v. Barnhart</u>, 418 F.3d 424, 428 (4th Cir. 2005) ("<u>Gisbrecht</u>
10 held that the lodestar approach was inappropriate for evaluating a contingent-fee agreement
11 under § 406(b).... As long as the agreement does not call for a fee above the statutory ceiling
12 of twenty-five percent of awarded past-due benefits, noted the Court, § 406(b) simply instructs
13 a court to review the agreement for reasonableness.")(internal citations omitted).

14       Plaintiff retained petitioner to represent him in federal court in his social security
15 disability case, and plaintiff agreed to pay petitioner a contingent fee in an amount equal to
16 25% of any past-due benefits award obtained. [<u>See</u> Serpa Decl., Ex. A].  Under <u>Gisbrecht</u>, the
17 court examines a lawful contingent fee agreement only to assure that the enforcement of that
18 agreement is not unreasonable.  The court may consider factors such as the character of the
19 representation, the results achieved, the ratio between the amount of any benefits award and
20 the time expended, any undue delay attributable to counsel that caused an accumulation of
21 back benefits, and whether the requested fee award would constitute a "windfall" to the
22 attorney. <u>See</u> <u>Gisbrecht</u>, 535 U.S. at 808; <u>Mudd</u>, 418 F.3d at 428; <u>see, e.g.</u>, <u>Hearn v. Barnhart</u>,
23 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (awarding section 406(b) fees post-<u>Gisbrecht</u>
24 where (1) counsel sought less than the maximum 25% contingent fee allowed by law; (2)
25 counsel "faced a substantial risk of loss" because the plaintiff alleged a variety of impairments
26 that "were not susceptible to clear and straightforward forms of proof, and some of which
27 involved lengthy and complicated medical histories"; (3) "Congress has indicated the
28

1 permissibility, within limits, of rewarding attorneys for assuming the risk of going
2 uncompensated for representing Social Security claimants"; (4) the value of the benefits award
3 to the plaintiff was "substantially more than the past-due benefits on which the fee is based"
4 because the plaintiff also received ongoing disability benefits; and (5) counsel devoted
5 "considerable time and careful attention" to the case; and (6) "[p]etitioner's challenge to the
6 ALJ's determination at step five was central to the court's decision to remand the case to the
7 Commissioner") (citations omitted).

8      In this case, several factors weigh in favor of granting petitioner's fee request. First,
9 petitioner obtained a very favorable result for his client in the form of a remand for the payment
10 of disability benefits, including a large past-due benefits award. [Serpa Decl., Ex. B]. Second,
11 petitioner's requested § 406(b) fee does not exceed the maximum 25% contingent fee
12 authorized by law and by petitioner's fee agreement with plaintiff. With the offset of $3000
13 provided by the EAJA award, an amount equal to about 22% of plaintiff's past-due benefits
14 award actually will be used to pay attorneys' fees. [See Petition, Ex. 3]. Third, this case
15 carried with it the risk of loss inherent in social security disability contingent-fee cases. If
16 petitioner had not succeeded in obtaining a decision in his client's favor, he would have
17 recovered no fee.

18      Fourth, there is no evidence in the record, nor any suggestion by defendant, that
19 petitioner unduly delayed the resolution of this case or engaged in any overreaching.

20      Fifth, petitioner spent only 22.8 hours litigating this case to a successful resolution in
21 district court, a figure that is well within the norm for social security disability cases. See
22 Patterson v. Apfel, 99 F. Supp.2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases); see
23 also Coppett v. Barnhart, 242 F.Supp.2d 1380, 1384-85 (S.D. Ga. 2002) (concluding that the
24 petitioner's "skill and experience in handling social security cases further shows the
25 reasonableness of the fee he is seeking," and noting that "an experienced attorney 'should not
26 be penalized for his efficiency by basing his reimbursement on a lower hourly rate.'")(quoting
27 Lacatena v. Secretary of Health & Human Services, 785 F.Supp. 319, 322 (N.D.N.Y.1992)).
28

1 While these factors support petitioner's fee request, one factor arguably does not: the
2 ratio between the amount of plaintiff's past-due benefits award and the hours expended by
3 petitioner. See Gisbrecht, 535 U.S. at 808. Based on plaintiff's past-due benefits award,
4 granting petitioner's fee request would compensate petitioner with fees of $1,042.08 per hour
5 for 22.8 hours of attorney's time. District courts post-Gisbrecht "generally have been deferential
6 to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto
7 hourly rates may exceed those for non contingency-fee arrangements." Hearn, 262 F. Supp. 2d
8 at 1037-38 (collecting post-Gisbrecht section 406(b)cases awarding de facto hourly rates
9 ranging from a low of about $188 to a high of about $695, and approving a contingent fee that
10 amounted to a de facto hourly rate of about $450). The Gisbrecht Court expressly cautioned,
11 however, that "[i]f the benefits are large in comparison to the amount of time counsel spent on
12 the case, a downward adjustment is ... in order." Gisbrecht, 535 U.S. at 808 (citing Wells v.
13 Sullivan, 907 F.2d 367, 372 (2d Cir. 1990) and Rodriquez v. Bowen, 865 F.2d 739, 747 (6th
14 Cir. 1989) (en banc)). In Rodgriguez, the Sixth Circuit observed that although

15     there are cases where the lawyer's unusual skill or diligence wins the case, typically
16     the number of hours that are required to prosecute an appeal from the Secretary's
17     determination will not vary greatly and will bear little if any relationship to the
18     results achieved. Where a case has been submitted on boilerplate pleadings, in
19     which no issues of material fact are present and where no legal research is
20     apparent, the benchmark twenty-five percent of awards fee would obviously be
21     inappropriate. The reviewing courts should not hesitate to make reductions in
22     such situations, and at the other end of the spectrum should only allow maximum
23     fees for extensive effort on the part of counsel who have overcome legal and
24     factual obstacles to the enhancement of the benefits awarded to his client.
25 Rodriquez, 865 F.2d at 747.

26 This was more than a "boilerplate" social security disability case, but it did not present
27 any novel or particularly complex issues. Although petitioner's expertise in social security
28

1 disability cases and his ability to identify and analyze relevant legal and factual issues
2 undoubtedly played a material role in winning benefits for his client, this case did not require
3 the "extensive effort" by counsel to overcome legal or factual obstacles predicated by the Sixth
4 Circuit as a prerequisite for a maximum fee award pre-Gisbrecht.

5       At least two district courts have declined to award fees that would compensate a
6 disability claimant's attorney with hourly rates in excess of $1,000, but one of those courts
7 nonetheless awarded fees that approached that mark. See Hodges-Williams v. Barnhart, 2005
8 WL 3344732, *5 (N.D.Ill. 2005)(holding that a contingent fee of $26,699.75 for 26.50 hours
9 "does not seem reasonable to this Court," and awarding fees of $350.00 per hour, for a total of
10 $9,275, based on "the Court's many years of experience in private practice and almost ten years
11 of experience in assessing attorney's fees in a variety of cases"); Brown v. Barnhart, 270 F. Supp.
12 2d 769, 772-73 (W.D. Va. 2003) (holding that a § 406(b) contingent fee that amounted to an
13 hourly rate of $1407.00 constituted a "windfall" to the attorney and must be reduced, but that
14 an award providing a de facto hourly rate of $977.00 was reasonable in view of the results
15 obtained, the contingent nature of the fee, counsel's experience, and the fact that "counsel spent
16 significant time before the agency that cannot be compensated in this forum"). Another district
17 court has awarded fees yielding a de facto hourly rate that is almost four hundred dollars higher
18 than that sought here. See Claypool v. Barnhart, 294 F.Supp.2d 829, 833-34 (S.D.W.Va.
19 2003) (approving a contingency fee agreement that yielded a de facto hourly rate of $1,433,
20 and rejecting as inconsistent with Gisbrecht the argument that the court should determine a
21 reasonable hourly rate and multiply it by the number of hours spent); see also Mudd, 418 F.3d
22 at 428-429 (affirming a § 406(b) fee award of 25% of the claimant's past-due benefits that
23 produced a de facto hourly rate of $736.84).

24       Defendant has suggested an unspecified "moderate reduction" in the de facto hourly rate.
25 Defendant points out that granting the petition would compensate petitioner at a de facto
26 hourly rate that is more than seven times the hourly rate of $131 that plaintiff was awarded
27 under the EAJA. The EAJA hourly rate, however, is capped by statute, with a discretionary
28

1  adjustment for inflation. The adjusted EAJA rate is not representative of either the current
2  market rate or the rate that properly may be awarded pursuant to a valid and enforceable
3  contingent fee agreement under Gisbrecht. As one district court explained,

> any reliance on a non-contingent rate without taking into account the contingent nature of this 42 U.S.C. § 406(b) fee could undercompensate [plaintiff's counsel]. As Gisbrecht makes clear, § 406(b) fees are, by law, contingent fees.... Petitioner agreed to a contingency fee arrangement in which he assumed the risk of receiving nothing for his time and effort if plaintiff was unsuccessful.

Hearn, 262 F.Supp.2d at 1037.

On balance, considering all of the factors discussed in Gisbrecht, the court concludes that the fee requested in this case is not so disproportionately large relative to the time expended that it represents an impermissible windfall that must be reduced under Gisbrecht, and therefore the requested fee is reasonable.

**Conclusion**

For the reasons described above, the petition is **granted**, and petitioner is awarded attorneys' fees under section 406(b) in the total amount of **twenty three thousand, seven hundred fifty nine dollars and fifty cents ($23,759.50)**. To offset the prior EAJA fee award, petitioner is ordered to refund to plaintiff the sum of **three thousand dollars ($3,000)** within **twenty-one (21) days** of receipt by petitioner of his § 406(b) fees.

**IT IS SO ORDERED.**

DATED: January 5, 2006

                                       /s/
                                   ANDREW J. WISTRICH
                                   United States Magistrate Judge